# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-00366-FDW

| | |
|---|---|
| JAMES DARIN SISK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| KEVIN HOLDEN, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.     BACKGROUND

Pro se Plaintiff James Darin Sisk ("Plaintiff") has filed suit under 42 U.S.C. § 1983 against Defendants Kevin Holden, identified as a Lieutenant in the Transylvania County Sheriff's Department, and the Transylvania County Sheriff's Department. [Doc. 1]. Plaintiff appears to be claiming that Defendants violated his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. Plaintiff alleges that Defendant Holden choked and pushed Plaintiff against a wall while Plaintiff was in custody. Plaintiff states that no one else was involved in the use of force, but that two other officers witnessed the incident. [Id.]. Plaintiff was released from the Transylvania County Jail and is now incarcerated at the Piedmont Correctional Instiution. Plaintiff states he suffered "head trauma with constant headaches after incident." [Id. at 5]. Under the Relief section of the § 1983 Complaint form,

Plaintiff states, "I was found guilty, sentenced to prison, was assaulted by a gang, resulted in fracture of knee, head injury, left arm muscle & denied medical treatment." [Id. at 5]. It is unclear how this statement relates to Plaintiff's § 1983 claim or to the relief he seeks. The Plaintiff does not state the relief he seeks anywhere in his Complaint. An "Affidavit" attached to his Complaint reflects that he may be seeking monetary damages. [See Doc. 1-2].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

## III. DISCUSSION

As to Defendant Transylvania County Sheriff's Department, the sheriff's department is not a legal entity capable of being sued. As such, the Transylvania County Sheriff's Department will be dismissed.

As for Defendant Holden, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff claims Defendant Holden used excessive force against him in violation of the Eighth Amendment to the U.S. Constitution. The Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use

3

of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has generally stated a claim against Defendant Holden for the use of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The Plaintiff, however, has failed to adequately or clearly state what relief he is seeking. The Plaintiff also did not explain whether he claims that the assault by a gang and the resultant injuries relate somehow to the alleged acts of Defendant Holden and, if so, in what way.[1] As such, the Court will direct the Plaintiff to submit an Amended Complaint with the Court within twenty (20) days of this Order that states the relief he is seeking in this action and more clearly states the injuries he alleges occurred as a result of the alleged conduct of Defendant Holden.

The Plaintiff is advised that to amend his Complaint, Plaintiff may not simply add or modify allegations to his already existing Complaint. Rather, he must submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his Complaint in piecemeal fashion. Furthermore, once Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

---

[1] The Court notes that the Plaintiff filed a second § 1983 Complaint on July 9, 2019, Civil Case No. 1:19-cv-220-FDW, Doc. 1, which appears largely if not entirely duplicative of the instant case. The Court, however, does not address that Complaint here.

Should the Plaintiff instead determine not to pursue his claim, the Plaintiff shall file with the Court a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within twenty (20) days of this Order.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendant Holden. The Plaintiff's claim against the Transylvania County Sheriff's Department shall be dismissed.

(2) The Plaintiff shall file an amended complaint with the Court or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within twenty (20) days of this Order, in accordance with the terms of this Order. If Plaintiff fails to file an amended complaint within 20 days, the Plaintiff's action will be dismissed without prejudice and without further notice to the Plaintiff.

Signed: August 19, 2019

Frank D. Whitney
Chief United States District Judge