# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-00366-MR

| | |
|---|---|
| JAMES DARIN SISK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEVIN HOLDEN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a letter [Doc. 22], filed on Plaintiff's behalf, which the Court will construe as a motion.

On April 28, 2020, the remaining Defendants, Kevin Holden and Joshua Laughter, filed a motion for summary judgment of Plaintiff's action brought pursuant to 42 U.S.C. § 1983. [Doc. 19]. Plaintiff was advised on April 29, 2020, pursuant to Roseboro v. Garrison, that he had fourteen (14) days to respond to Defendants' summary judgment motion. [Doc. 21].

On May 18, 2020, a letter was filed in this matter on Plaintiff's behalf stating that Plaintiff "would like to withdraw charges against Joshua Laughter" and "asking for proceedings to be held open until [Plaintiff's] release from prison." [Doc. 22]. The letter, however, appears to be been filed by a family member of Plaintiff and is unsigned. [See id.].

Only Plaintiff may file motions on his own behalf. Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States … [t]o plead and conduct their own case personally or by counsel…." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law. See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law. United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar").

Plaintiff is advised that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specifically admitted, constitutes the

unauthorized practice of law, which is a criminal offense in the State of North Carolina.  See N.C. Gen. Stat. § 84-4, 84-8.

Based on the foregoing, the Plaintiff is admonished that he must file his own motions, signed solely by him.  Any future pleadings filed or signed by anyone other than Plaintiff may be stricken and/or referred to the North Carolina State Bar for a determination of whether others are engaging or attempting to engage in the unauthorized practice of law on Plaintiff's behalf.

The Court notes that even if Plaintiff had signed and filed the letter before the Court, he would not be entitled to a stay of the proceedings as sought therein.  Plaintiff, however, may file a motion seeking a dismissal of Defendant Laugher pursuant to Federal Rule of Civil Procedure 41(a)(2) on his own behalf.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 22] is **DENIED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge